ACCEPTED
07-14-00439-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
6/22/2015 5:38:02 PM
Vivian Long, Clerk

No. 07-14-00439-CR

In the Court of Appeals
For the Seventh District of Texas
Amarillo, Texas

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

6/22/2015 5:38:02 PM

VIVIAN LONG
CLERK

## Jesus Lopez Raymundo,

Appellant

v.

## The State of Texas,

Appellee

On Appeal from the County Court at Law#6 of Collin County, Texas
Honorable Jay A. Bender, Presiding
Cause No. 006-87832-2013

# Appellant's Brief

Charles Pelowski
121 E Myrtle
Angleton, Texas 77515
Tel. 979-849-8526
State Bar No. 24061053
Attorney for Appellant

## IDENTITY OF PARTIES AND COUNSEL

**Jesus Lopez Raymundo,**
**Appellant**

**The State of Texas,**
**Appellee**

**Appellate Counsel**

Charles Pelowski
121 E. Myrtle
Angleton, TX 77515

**Appellate Counsel**

John Rolater
Assistant District Attorney
Collin County District Attorney's Office
2100 Bloomdale rd., Ste. 200
McKinney, TX 75071

**Trial Counsel**

William Anthony "Tony" Vitz
1413 Harroun Ave.
McKinney, TX 75069

**Trial Counsel**

Ashley Katherin Rittenmeyer
Assistant District Attorney
Collin County District Attorney's Office
2100 Bloomdale rd., Ste. 200
McKinney, TX 75071

# TABLE OF CONTENTS

Identity of Parties and Counsel ............................................................... 2

Index of Authorities ................................................................................ 4

Statement of the Case ............................................................................. 5

Issues Presented ...................................................................................... 5

Statement of Facts .................................................................................. 6

Summary of the Argument ...................................................................... 8

Argument ................................................................................................ 10

    Standard of Review ........................................................................... 10

    The trial court erred by admitting Appellant's statements because Appellant was under arrest, was interrogated, and was not given the warnings required by Texas Code of Criminal Procedure article 38.22. ................... 10

Prayer ..................................................................................................... 15

Certificate of Compliance ....................................................................... 16

Proof of Service ...................................................................................... 16

# INDEX OF AUTHORITIES

## Cases

*Amores v. State*, 816 S.W.2d 407, 411-12 (Tex. Crim. App. 1991) ................... 13

*Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002) ...................... 10

*Burkes v. State*, 830 S.W.2d 922, 925 (Tex. Crim. App. 1991) ........................ 13

*Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997) ......................... 11

*Dowthitt v. State*, 931 S.W.2d 244, 255 (Tex. Crim. App. 1996) ............... 11, 12

*Francis v. State*, 922 S.W.2d 176, 179 (Tex. Crim. App. 1996) ....................... 12

*Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997) .......................... 10

*Montanez v. State*, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006) .............. 10

*Rhodes v. State*, 945 S.W.2d 115, 117-18 (Tex. Crim. App. 1997) ................... 13

*St. George v. State*, 237 S.W.3d 720 (Tex. Crim. App. 2007) ........................... 10

*State v. Sheppard*, 271 S.W.3d 281, 290 (Tex. Crim. App. 2008) .................... 12

## Statutes

Tex. Code Crim. Proc. art. 15.22 ................................................................. 11

Tex. Code Crim. Proc. art. 38.22 ................................................................. 11

## STATEMENT OF THE CASE

Appellant was charged by indictment with driving while intoxicated. The case proceed to jury trial, and Appellant was convicted. Appellant was sentenced to 90 days incarceration and an $800 fine. The incarceration portion of the sentence was suspended for fifteen months and Appellant was placed on community supervision. This is a direct appeal from that conviction and sentence.

## ISSUES PRESENTED

Texas Code of Criminal Procedure article 38.22 prohibits the use of any oral statement of the accused obtained during custodial interrogation unless, *inter alia*, the accused is first warned of his rights to remain silent and have counsel present during questioning. In the case at bar, Officer Redwine removed Appellant from his vehicle, took the keys from the ignition, called for a wrecker to tow Appellant's vehicle, and placed Appellant in handcuffs prior to questioning him. Officer Redwine never warned Appellant of his statutory and constitutional rights to remain silent. Did the trial court err when it admitted Appellant's statements against him at trial?

## STATEMENT OF FACTS

On September 12, 2013, Officer Rodney Redwine responded to the scene of a suspicious vehicle on the unimproved shoulder of FM 2933 near Melissa, Texas.[1] There he found Appellant, Jesus Raymundo, unconscious behind the wheel of his pickup truck.[2] Officer Redwine woke Appellant, and removed the keys from the vehicle's ignition.[3] Officer Redwine then briefly spoke to Appellant and then ordered Appellant out of his vehicle.[4] He then placed Appellant in handcuffs, returned to his patrol car, and called for a wrecker to come tow Appellant's vehicle.[5]

After calling the tow truck and seizing Appellant's vehicle, Officer Redwine physically took Appellant by the arm and moved him to the front of the officer's patrol car where the officer's dash camera was recording.[6] Officer Redwine interrogated Appellant, asking him a series of questions which elicited incriminating responses from Appellant.[7] Appellant admitting to drinking several shots of liquor at a bar and then vomiting on the passenger

---

[1] (Rep.'s R. vol. 2 at 18:18-19)
[2] (Rep.'s R. vol. 2 at 20:17-18, 21:1-3)
[3] (Rep.'s R. vol. 2 at 21:9-15)
[4] (Rep.'s R. vol. 2 at 23:2-4)
[5] (Rep.'s R. vol. 2 at 23:19-20, 41:11-15); (Rep.'s R. vol. 4, Ex. 1, hereinafter "Roadside DVD")
[6] *See* Roadside DVD
[7] (Rep.'s R. vol. 2 at 30:22-32:1); *see* Roadside DVD

side of his pickup truck before getting in the truck and driving away.[8] Officer Redwine never advised Appellant of his constitutional and statutory rights to remain silent before eliciting these responses.[9]

At trial, Appellant objected to the admission of these statements, citing Texas Code of Criminal Procedure article 38.22 as the basis for his objection.[10] The officer testified that Appellant was not under arrest when he was handcuffed, but that he was merely detained.[11] He told the trial court that the reason he placed Appellant in handcuffs was "for officer safety" and to determine if there was any one else present at the scene.[12] The officer's dash-camera video, which was admitted at trial and is a part of the appellate record, does not show Officer Redwine taking any actions to investigate the physical location, look for anyone else who may have been present, or take any actions to secure the scene.[13] Officer Redwine did not conduct any field sobriety tests and took no further actions, apart from interrogating Appellant, to investigate

---

[8] *Id.*
[9] *Id.*
[10] (Rep.'s R. vol. 2 at 26:10-16)
[11] (Rep.'s R. vol. 2 at 22:19-22)
[12] (Rep.'s R. vol. 2 at 22:22-24:22)
[13] *See* Roadside DVD

the facts of the alleged offense or the physical security of the scene of Appellant's arrest.[14]

The trial court overruled Appellant's objections to the admission of this testimony, and after the case, including Appellant's unwarned, incriminating admissions, was presented to the jury, Appellant was convicted and sentenced.

## SUMMARY OF THE ARGUMENT

Texas Code of Criminal Procedure article 38.22 prohibits the use of any oral statement of an accused obtained during custodial interrogation unless the accused is first advised of his constitutional and statutory rights to remain silent. A person is in custody when he is seized by law enforcement, and the force used to effect the seizure restrains the person's liberty to the degree associated with a formal arrest. While the use of handcuffs does not always transform an investigative detention into an arrest, the use of handcuffs is not ordinarily proper to effect a temporary detention unless it is reasonably necessary to preserve the status quo or maintain officer safety.

In the case at bar, Officer Redwine found Appellant unconscious behind the wheel of his pickup truck, which was parked on the unimproved

---

[14] (Rep.'s R. vol. 2 at 32:5-13); *see* Roadside DVD

shoulder of a public highway. Officer Redwine instructed Appellant to take the keys out of the vehicle's ignition and had Appellant exit the vehicle. Officer Redwine then placed Appellant in handcuffs, returned to his patrol vehicle, and called for a wrecker to come tow Appellant's vehicle. Afterward, Officer Redwine physically took Appellant by the arm and positioned him in front of the officer's patrol car. Officer Redwine interrogated Appellant and elicited incriminating information from Appellant, which was then admitted against Appellant at trial. Officer Redwine placed Appellant in the back of his patrol car and administered a portable breath test. Appellant was never advised of his constitutional and statutory rights to remain silent.

Appellant was clearly under arrest when his vehicle was seized and he was handcuffed. The trial court erred by admitting Appellant's statements over objection, and the admission of these statements harmed Appellant.

This Court should reverse and remand this case to the trial court for a new trial.

# ARGUMENT

## Standard of Review

A trial court's ruling on a motion to suppress evidence is reviewed for abuse of discretion.[15] The Court should give deference to the trial court's determinations of historical facts supported by the record and to application of the law to those facts, but only when questions regarding application of the law turn on an evaluation of the credibility of witnesses or their demeanor.[16] Otherwise, the Court may conduct a *de novo* review of the trial court's ruling.[17]

## The trial court erred by admitting Appellant's statements because Appellant was under arrest, was interrogated, and was not given the warnings required by Texas Code of Criminal Procedure article 38.22.

Texas Code of Criminal Procedure article 38.22 § 3 mandates that "no oral statement... of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding" unless, *inter alia*, the accused is advised of his *Miranda* rights.[18] Custodial interrogation is any questioning initiated by law enforcement after a person has been taken into

---

[15] *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).

[16] *See St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007); *Montanez v. State*, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006).

[17] *See Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997).

[18] *See* Tex. Code Crim. Proc. art. 38.22 § 3.

custody or otherwise deprived of his or her freedom of action in any significant way.[19] A person is in custody when, in the same situation, a reasonable person would believe that his freedom of movement was "restrained to the degree associated with a formal arrest."[20]

According to Code of Criminal Procedure article 15.22, "[a] person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant."[21] An investigative detention, on the other hand, occurs when an officer lacks probable cause to arrest but has a reasonable suspicion that a person is committing a crime or has committed a crime.[22] Both an arrest and an investigative detention may involve a restraint on a person's liberty.[23] An arrest, however, is a greater restraint upon a person's freedom to leave.[24]

The Court of Criminal Appeals has outlined four general situations in which may constitute custody: (1) when the suspect is deprived of his freedom of action in any significant way, (2) when a law enforcement officer tells the

[19] *See Dowthitt v. State*, 931 S.W.2d 244, 255 (Tex. Crim. App. 1996).
[20] *Id.*
[21] Tex. Code Crim. Proc. art. 15.22.
[22] *See Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997).
[23] *Francis v. State*, 922 S.W.2d 176, 179 (Tex. Crim. App. 1996).
[24] *State v. Sheppard*, 271 S.W.3d 281, 290 (Tex. Crim. App. 2008).

suspect that he cannot leave, (3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted, and (4) when there is probable cause to arrest and law enforcement officers do not tell the suspect that he is free to leave.[25] The subjective intent of both the accused and the police officer are irrelevant in this determination, unless that intent is manifestly expressed.[26]

While there is no bright-line rule that handcuffing a suspect always constitutes an arrest, handcuffing a suspect is "not ordinarily proper during an investigative detention" and may only be resorted to when reasonable necessary to maintain the status quo or for officer safety.[27]But, in the absence of a reasonable safety concern or a need to maintain the status quo, the use of handcuffs to secure a suspect constitutes an arrest.[28] The Court should consider whether the officer actually conducts an investigation during any so-called "investigative detention."[29] Any questioning of the suspect during an investigative detention should be brief and of a truly investigatory nature as

[25] *Dowthitt*, 931 S.W.2d at 255.
[26] *See id.*
[27] *See Rhodes v. State*, 945 S.W.2d 115, 117-18 (Tex. Crim. App. 1997).
[28] *See, e.g., Amores v. State*, 816 S.W.2d 407, 411-12 (Tex. Crim. App. 1991)(arrest where handcuffed and no investigation performed); *Burkes v. State*, 830 S.W.2d 922, 925 (Tex. Crim. App. 1991)(arrest where handcuffed and no investigation performed).
[29] *See Rhodes*, 945 S.W.2d at 115.

contemplated by *Terry v. Ohio*.[30] In other words, the detention should be temporary and the questioning should involve the suspect's identity, his reason for being in the area, or other similar inquires.[31]

In the instant case, Appellant was approached by a police officer and removed from his vehicle.[32] The officer took the keys from the ignition, placed Appellant in handcuffs, and called for a wrecker to come pick up Appellant's vehicle.[33] Appellant was then positioned in front of the officer's video camera and interrogated while still in handcuffs.[34] In response to this questioning, Appellant admitted to drinking several shots of liquor and vomiting on the side of his pickup truck before leaving a bar.[35] He was then placed in the backseat of the officer's patrol car and subjected to further interrogation before being told that he was under arrest for driving while intoxicated.[36] He was not read any *Miranda* warnings or statutory warnings until quite some time later when he arrived at the police station.[37]

---

[30] *See Amores*, 816 S.W.2d at 407.
[31] *See id.*
[32] (Rep.'s R. vol. 2 at 21:9-15)
[33] (Rep.'s R. vol. 2 at 23:19-20, 41:11-15); *see* Roadside DVD
[34] (Rep.'s R. vol. 2 at 30:22-32:1); *see* Roadside DVD
[35] *Id.*
[36] *Id.*
[37] (Rep.'s R. vol. 2 at 61:14-25)

No reasonable person in that situation would feel as though he was free to leave. Moreover, Appellant could not leave even if he wanted to, because within minutes of arriving and making contact with Appellant, Officer Redwine took Appellant's keys, seized Appellant's vehicle, and called for a wrecker to come tow the vehicle away.

The record, in particular the officer's dash-camera video, does not support the officer's claims that he placed in handcuffs for "officer safety." Officer Redwine did nothing to secure the scene, made no effort to look for anyone else who may have been present, conducted no investigation into the physical location where Appellant was stopped, and performed no field sobriety tests.[38] Instead, Officer Redwine physically took Appellant by the arm and walked him in front of his police cruiser's camera. There, he asked Appellant a series of incriminating questions before placing Appellant in the officer's patrol car. He then had Appellant blow into a portable breath testing device and arrested Appellant. Appellant was never given his constitutional or statutory warnings before any questioning.

The officer's mere recitation of the phrase "for officer safety" during his testimony, without facts in the record to support this claim, should not vitiate

---

[38] *See* Roadside DVD

Appellant's rights under the Constitution and the laws of the State of Texas nor excuse Officer Redwine from his duty to ensure that those rights are guaranteed.

## PRAYER

Appellant's unwarned statements in response to custodial interrogation were admitted over objection at trial. These statements included admissions that Appellant had been drinking liquor, had been at a bar, and had vomited on the passenger side of his pickup truck before leaving the bar. The trial court erred by admitting these statements into evidence, and the statements were clearly harmful in Appellant's trial on the charge of driving while intoxicated. This Court should reverse and remand this case to the trial court for a new trial.

Respectfully submitted,

_____

Charles Pelowski

State Bar No. 24061053

121 E. Myrtle

Angleton, Texas 77515

Telephone: (979) 849-8526

Facsimile: (979) 848-1877

charlie@smbattorney.com

Attorney for Appellant

Jesus Lopez Raymundo

## CERTIFICATE OF COMPLIANCE

I, Charles Pelowski, attorney for Appellant, hereby certify that this document contains 1,995 words, exclusive of the content excepted by Tex. R. App. Pro. 9.4(i)(1). This is a computer-generated document, and I have relied on the word count of the computer program used to prepare this document.

Charles Pelowski

## PROOF OF SERVICE

I, Charles Pelowski, attorney for Appellant, hereby certify that I served a true and accurate copy of the foregoing appellate brief to John Rolater, attorney for the State of Texas, by facsimile to (214) 491-4860 on June 22, 2015.

Charles Pelowski